IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 10-158-KD-N |
| | ) | |
| JESUCRISTO LOPEZ, | ) | |
|    Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's *pro se* "Motion for Return of Property Pursuant to Civil Rule[] 59A." (Doc. 96). By way of that motion, Defendant seeks to recover unspecified[1] property that U.S. Customs and Border Patrol ("Customs") agents seized from him when he was arrested for purchasing assault rifles, grenades, and other weapons with intent to smuggle the same to Mexico. In a six-sentence response, the Government concedes that it should return $1,302 of U.S. currency to Defendant.[2] (Doc. 98 at 1-2).

Rule 59(a) of the Federal Rules of Civil Procedure sets forth the grounds upon which the

---

[1] Defendant requests the return of "all property seized as indicated on FPF no (2010190100003301) investigative case Moo3BR10 MOOOO6 taken by the United States Customs Department Mobile Office." (Doc. 96 at 1). Unfortunately, neither party has endeavored to put this request into context. From what the Court has been able to discern from the handful of documents attached to the parties' papers, "MO03BR10MO0006" is the number Customs assigned to its internal file on Defendant's criminal case, and "20101901-000033-01" is the number of a related "seizure case" handled by Customs' Fines, Penalties, and Forfeitures Office. The items associated with seizure case 20101901-000033-01 are: three suitcases, a 2005 Ford F-150 King Ranch pickup truck, a hotel key, six cell phones, a GPS vehicle navigation device, a heat sealer, three rolls of duct tape, one box of vacuum storage bags, some miscellaneous documents, and indeterminate quantities of marijuana and cocaine. (Doc. 98 at 6). With the exception of the duct tape, storage bags, documents, and drugs, Customs administratively forfeited all of the aforementioned items to the United States. (<u>Id.</u>).

[2] The $1,302 was processed under seizure case 20121901-000038-01. (Doc. 98 at 7). This is a fact overlooked by both parties, inasmuch as Defendant's motion, on its face, seeks the return of property associated with a different seizure case.

1

court may grant a new trial to any party and delineates the action that a court may take after a nonjury trial. Clearly, this rule has no application to Defendant's request. However, the Court understands that it is the return of seized property — not a new trial — that Defendant seeks. And the Court acknowledges its "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). However, because Customs administratively forfeited all of the property associated with seizure case 20101901-000033-01, Defendant's only option is to commence a civil proceeding against Customs in which he could move to set aside the administrative forfeiture. See Valderrama v. United States, 417 F.3d 1189, 1195-96 (11th Cir. 2005) (a motion to set aside forfeiture pursuant to 18 U.S.C. § 983(e) is the "exclusive remedy" to challenge an administrative forfeiture that postdates the August 23, 2000 effective date of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")); United States v. Barnhardt, 555 F. Supp. 2d 184, 187 (D.D.C. 2008) (Section 983(e) motion to set aside administrative forfeiture should proceed in a "new, separate civil action" rather than in a closed criminal case). However, in the absence of a filing fee or motion to proceed *in forma pauperis*, this Court will not open a civil case to enable Defendant to prosecute a re-construed motion. See Keszthelyi v. United States, No. 1:05-cv-303, 2011 WL 1884007, at *10 (E.D. Tenn. May 17, 2011) (litigant "could not avoid payment of the standard civil action filing fee by improperly submitting his motion under 18 U.S.C. § 983(e) in [a] closed . . . case and then have the Court order that the improper motion be converted into or deemed a civil complaint and assigned a new case docket number").[3]

---

[3] It is possible that Defendant intended for his motion to be filed in a new civil case rather than in his closed criminal case. The motion identifies Defendant as a "Petitioner" and the United States Customs Service, Mobile Division as "Respondent." However, Defendant's motion was

All of that said, it appears that that, even if he were to pay or be excused from the requisite civil filing fee and to then properly file a motion to set aside forfeiture, Defendant would not be entitled to the return of any of his forfeited property. In cases subject to § 983(e), the movant must show both 1) that the government knew or reasonably should have known of his interest in the forfeited property yet failed to take reasonable steps to notify him and 2) that he did not know or have reason to know of the property's seizure within sufficient time to file a timely claim pursuant to the procedures set forth by CAFRA. United States v. Russell, No. 2:04cr150-MHT, 2006 WL 2786883, at *3 (M.D. Ala. Sept. 27, 2006) (citing 18 U.S.C. § 983(e)(1) (2006)). However, the documents attached to the Government's response demonstrate that, with respect to the property associated with seizure case 20101901-000033-01, the Government took steps reasonably calculated to provide Defendant with notice. Specifically, the Government sent seizure notices by certified mail, return receipt requested to Defendant's attention at the Mobile Metro Jail and an address in San Antonio, Texas. (Doc. 98 at 5). A signed receipt was returned from the jail in Mobile. (Id.). Additionally, notice of Customs' seizure and forfeiture ran in the Mobile Press-Register newspaper on three separate dates, and Customs sent a copy of the published notice to Defendant at the Escambia County Jail by certified mail, return receipt requested. (Id.). Again, jail officials confirmed receipt. (Id.). Customs' efforts at notice appear to comport with due process and negate Defendant's ability to show that the Government failed to take reasonable steps to provide notice. See Dusenbery v. United States, 534 U.S. 161, 172-73 (2002) (forfeiting agency satisfies the

---

not accompanied by a Civil Cover Sheet, $350 filing fee, or motion to proceed *in forma pauperis*, submission of which is, as explained in this Court's Pro Se Litigant Guide, a condition precedent to the Clerk opening a civil case. Accordingly, the Clerk of Court docketed Defendant's motion in his criminal case. Defendant is free to re-file his motion along with the requisite fee or a motion to proceed *in forma pauperis*, but as discussed *infra*, it is far from clear that any civil remedy would be available to him should he choose to do so.

3

requirements of due process if it sends notice of a forfeiture proceeding to the institution at which prisoner is incarcerated). Accordingly, based on the documentary evidence presently before the Court, a § 983(e) motion to set aside the forfeiture of the items associated with seizure case 20101901-000033-01 would not be well-taken.

However, Defendant may still seek the return of the $1,302 Customs seized from him. The Government's exhibits reveal that the currency at issue here has not been forfeited. See Doc. 98 at 3 ("[T]he currency seized under case # 20121901000038 01 has not been forfeited and we agree that it should be remitted."). Pursuant to CAFRA, if the Government does not send a timely notice of seizure to the person from whom property was seized, the Government must return the seized property to that person. 18 U.S.C. § 983(a)(1)(F) (2006). In this case, with respect to the currency, the Government has conceded that it did not send Lopez any such notice. See Doc. 98 at 7 ("This office recommends that the currency in the amount of $1,302.00 (case 20121901-000038-01) be refunded to [Lopez] because it was not included in the initial seizure notice and did not meet the 60 day CAFRA time frame.").

The proper vehicle for seeking the return of the $1,302 would appear to be Federal Rule of Criminal Procedure 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return." Fed. R. Crim P. 41(g). In United States v. Cooper, No. 11-15741, 2012 WL 3104258 (11th Cir. Aug. 1, 2012), the Eleventh Circuit recently explained:

> [a] Rule 41(g) motion is unavailable if the property was seized pursuant to civil or administrative forfeiture or if the movant invokes Rule 41(g) after the close of all criminal proceedings. In these circumstances, the court treats the motion for return of property as a civil action in equity. The decision to exercise equitable jurisdiction in these cases is highly discretionary and must be exercised with caution and restraint.

Id. at *2 (internal citations and quotation marks omitted).

Defendant filed his motion on June 22, 2012; the mandate affirming his sentence issued on July 17, 2012. Thus, Defendant's motion, construed as a Rule 41(g) motion, appears to be timely. Additionally, considering the Government's response, the motion appears to be uncontested as to the seized currency. Accordingly, the motion is **GRANTED in part** insofar as the Government is **ORDERED** to return $1,302 to Defendant. With respect to the remainder of Defendant's property, the motion is **DENIED**.

**DONE** and **ORDERED** this **4th** day of **September 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**